# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-0033V
### Filed: May 31, 2019
UNPUBLISHED

LEAH DELESLIE MONTGOMERY,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On January 5, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder pain and deficits causally related to the influenza vaccination she received on November 28, 2016. Petition at ¶¶ 1, 13-14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 30, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for her shoulder injury related to vaccine administration ("SIRVA"). On May 30, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $91,793.21, representing $90,000.00 for pain and suffering and $1,793.21 for past out of pocket medical expenses. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.*

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $91,793.21, representing $90,000.00 for pain and suffering and $1,793.21 for actual unreimbursable expenses in the form of a check payable to petitioner, Leah DeLeslie Montgomery.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

LEAH DELESLIE MONTGOMERY,

        Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 18-33V
Chief Special Master Dorsey
ECF

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.**      **Items of Compensation**

On April 30, 2019, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. Chief Special Master Dorsey issued a Ruling on Entitlement the same day, finding that petitioner was entitled to vaccine compensation for her left-sided shoulder injury related to vaccination administration ("SIRVA"). Based upon the evidence of record, respondent proffers that petitioner should be awarded $91,793.21. The award is comprised of the following: $90,000.00 for pain and suffering; and $1,793.21 for past out of pocket medical expenses. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.[1]

---

[1] As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

## II.    Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$91,793.21**, in the form of a check payable to petitioner.[2] Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*s/ Traci R. Patton*
TRACI R. PATTON
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 353-1589

Dated:  May 31, 2019

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.